AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Eastern District of Louisiana

| | |
|---|---|
| United States of America<br>v.<br><br>JAVAN BAILEY<br><br>*Defendant(s)* | Case No.<br><br>21-60 MAG |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of **February 6, 2021** in the parish of **Orleans** in the **Eastern** District of **Louisiana**, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 2251(a) | Production and attempted production of child sexual abuse material (CSAM) |
| 18 U.S.C. § 2252(a)(2) | Distribution and attempted distirbution of child sexual abuse material (CSAM) |
| 18 U.S.C. § 2422(b) | Knowingly persuading, inducing, enticing, and coercing (and attempted to do so) a minor to engage in illegal sexual activity |

This criminal complaint is based on these facts:

See attached Affidavit.

☑ Continued on the attached sheet.

s/Alvin J. Thibodeaux
*Complainant's signature*

SA Alvin J. Thibodeaux, FBI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: May 27, 2021

*Judge's signature*

City and state: New Orleans, Louisiana    Honorable Michael B. North, U.S. Magistrate Judge
*Printed name and title*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | MAGISTRATE NO. 21-60 MAG |
| v. | * | |
| JAVAN BAILEY | * | |

\* \* \*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Special Agent Alvin J Thibodeaux, III., being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I am a Special Agent (SA) with the Federal Bureau of Investigation (FBI), and have been since September 2015. I am currently assigned to the New Orleans Field Office Violent Crimes Against Children Squad. I have received extensive training in criminal investigations and I have participated in the execution of search warrants, the execution of arrest warrants, and interviews of persons involved in criminal offenses, including, but not limited to, Title 18, United States Code (U.S.C.), Sections 2251, 2252, and 2252A, which criminalize, among other things, the production, possession, receipt, and transmission of visual depictions of the sexual exploitation of children.

## OVERVIEW AND PURPOSE OF AFFIDAVIT

2.      This affidavit is made in support of an application for a criminal complaint charging Javan Bailey ("**Bailey**"), date of birth August 29, 2001, and social security number XXX-XX-8173, with production and attempted production of child sexual abuse material (CSAM), in violation of 18 U.S.C. § 2251(a), distribution and attempted distribution of CSAM, in violation of 18 U.S.C. § 2252(a)(2), and knowingly persuading, inducing, enticing, and coercing (and attempted to do so) a minor to engage in illegal sexual activity, in violation of 18 U.S.C. § 2422(b).

3.      The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show only that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

4.      Based on my training and experience and the facts as set forth in this affidavit, there is probable cause to believe that violations of 18 U.S.C. §§ 2251(a), 2252(a)(2), and 2422(b) have been committed by **Bailey**.

## PROBABLE CAUSE

5.      The United States, including the Federal Bureau of Investigation, is conducting a criminal investigation of an identified individual name **Javan Bailey**, regarding possible violations of 18 U.S.C. §§ 2251(a), 2252(a)(2), and 2422(b).

6.      Based on my training and experience, I know that TikTok is a video-sharing social networking service owned by ByteDance. It is used to create short music, lip-sync, dance, comedy, and talent videos of 3 to 15 seconds, and short looping videos of 3 to 60 seconds.

Videos can be shared or stored publicly or privately. The TikTok app allows users to interact with each other through comments to videos, direct messages, and live chats.

7. On February 6, 2021, the New Orleans Police Department (NOPD) met with D.G. regarding the alleged online sexual exploitation of her daughter, an identified 11-year-old female (hereinafter Victim 1). I have confirmed that Victim 1 is a resident of New Orleans, Louisiana, and was born in about October 2009. D.G. advised officers that Victim 1 received multiple sexually explicit text messages from an individual utilizing telephone number (216) 622-5837 (subsequently determined to be **Bailey**, as explained below):

8. On February 10, 2021, law enforcement authorities interviewed Victim 1. During the interview, she provided the following pertinent information:

   a. Victim 1 first encountered **Bailey** via the Tik Tok social media app in about February 2021.

   b. Victim 1 communicated with an individual utilizing the username "dabratt88," who she initially thought was a minor female, about twerk videos.

   c. Shortly after Victim 1 met "dabratt88" on Tik Tok, "dabratt88" asked to move the conversation from Tik Tok to text message-based conversation. "Dabratt88" used the phone number 216-622-5837. Thereafter, Victim 1 and **Bailey** engaged in a text message conversation for about one day. When conversing via text with **Bailey**, Victim 1 sent messages to (216) 622-5837.

   d. During their text message conversation, **Bailey** sent Victim 1 a video of a young female twerking naked and rubbing her vagina.

3

e. **Bailey** then instructed Victim 1 via text message to send him a video of herself naked rubbing her vagina to **Bailey's** Phone or else **Bailey** would post the video on Tik Tok and Instagram, saying it was Victim 1.

f. Victim 1 complied and recorded a video with her cell phone of herself rubbing her exposed vagina and sent it via text message to **Bailey**.

g. Victim 1 was then asked by **Bailey** to record a video of her inserting a toothbrush into her vagina and send it to **Bailey's** Cell Phone. Victim 1 complied and recorded a video inserting a white, red, and purple toothbrush into her vagina and sent it to **Bailey's** cell phone.

h. **Bailey** then asked the victim if she had anyone else present to make videos with. Victim 1 responded that she was with her little brother and that her cousin was supposed to come over to her house later that day. **Bailey** asked Victim 1 to send a video of herself, her cousin, and little brother.

i. Victim 1 complied and sent a video of herself, her nine-year-old female cousin, and one-year-old brother nude in the bathtub.

j. **Bailey** then instructed Victim 1 to record a video of her performing oral sex on her one-year-old brother in the bathtub and send it to the **Bailey's** cell phone. **Bailey** told Victim 1 that if she did not send a video of her "doing" her little brother, **Bailey** would post the sexually explicit videos of Victim 1 that Victim 1 had already sent to him on Snapchat, Instagram, and Facebook.

k. Victim 1 complied and produced a video enacting what **Bailey** and instructed.

4

*Identifying the User and Location of **Bailey's** Cell Phone*

9. On March 19, 2021, I used open-source databases to determine that cellular service for the phone using 216-622-5837 was provided by Sprint.

10. On May 7, 2021, Sprint responded to legal process with information indicating phone number 216-622-5837 was assigned to Makisha Bailey at Sprint Corporate mailing address.

*Tiktok*

11. Based on Victim 1's originally communicating with an individual using the username dabratt88, your affiant, on March 18, 2021, served a subpoena on TikTok for subscriber information and IP address logs with dates and times for username dabratt88.

12. On May 14, 2021, TikTok responded with the following pertinent information:

| |
|---|
| Username: dabratt88 |
| Sign up method: Email |
| Email: opppacck@gmail.com |
| Sign up IP Address: 98.157.216.113[1] |

*Charter*

13. Using open-source databases, I determined the internet service provider (ISP) of IP address 98.157.216.113 was Charter Communications Inc. (Charter).

---

[1] As discussed below, a subpoena return from Charter Communications Inc. on April 27, 2021 indicated that IP Address 98.157.216.113 was assigned to 7523 Aetna Rd, Cleveland, OH 4410

14. On April 27, 2021, Charter responded to an administrative subpoena for information pertaining to IP address 98.157.216.113 between January 1, 2021, and April 23, 2021. The response yielded the following pertinent information:

| |
|---|
| Subscriber name: Makisha Bailey |
| email: makishabailey@gmail.com |
| Subscriber address: 7523 Aetna Rd, Cleveland, OH 44105 |
| Subscriber phone number: (216) XXX-8294 |

*Sprint*

15. On March 26, 2021, a federal search warrant for GPS location data was issued by the United States District Court for the Eastern District of Louisiana, and subsequently executed on Sprint, Inc. on March 28, 2021.

16. Subsequent GPS pings provided by Sprint, Inc. indicated that **Bailey's** cell phone was located in Cleveland, OH, in the proximity of 7523 Aetna Rd, Cleveland, OH 44015.

*Additional Investigative Actions*

17. According to query conducted in the Clear Thomas Reuters database, Javan **Bailey's** most recent address was listed as 7523 Aetna Rd, Cleveland, OH.

18. Additional open-source queries, revealed that Javan Bailey was a black male, born on August 29, 2001, and resided at 7523 Aetna Rd, Cleveland, OH 44015. 36. The query

also indicated that Javan **Bailey** is a likely blood relative of Makisha Bailey, possibly Makisha Bailey's biological son.[2]

19. On May 25, 2021, your affiant obtained a federal search warrant issued by the United States District Court for the Northern District of Ohio, for the residence of 7523 Aetna Rd, Cleveland, OH 44105, to search and seize instrumentalities, fruits, and evidence of violations of 18 U.S.C. §§ 2251, 2252(a)(2), and 2252A.

20. On May 27, 2021, law enforcement authorities executed the search warrant at 7523 Aetna Rd, Cleveland, OH 44105.

21. During the execution of the search warrant, law enforcement authorities spoke with both Makisha Bailey who both told law enforcement authorities **Bailey** was the user of a black iPhone XR, serial number G0PXTD9ZKXKN, associated with telephone number 216-622-5837, and iCloud account Javan82901@icloud.com.

22. Subsequent to the search warrant, your affiant advised **Bailey** of his *Miranda* rights, via the FBI Advice of Rights form, which **Bailey** verbally stated he understood and then signed the form. **Bailey** then waived those rights and agreed to participate in a voluntary interview with FBI agents.

23. During the interview that followed, **Bailey** made multiple statements, including providing the following pertinent information:

   a. **Bailey** confirmed that he was the user of a black iPhone XR, serial number G0PXTD9ZKXKN, associated with telephone number 216-622-5837.

---

[2] Subsequent investigation confirmed that **Bailey** is Makisha Bailey's son.

7

   b. **Bailey** instructed Victim 1 via text message to send a video of herself naked rubbing her vagina to **Bailey** or else **Bailey** would post a different sexually explicit video depicting a minor on Tik Tok and Instagram, saying it was Victim 1.

   c. Victim 1 complied and recorded a video with her cell phone of herself rubbing her exposed vagina and sent it to **Bailey** via text message.

   d. **Bailey** then asked Victim 1 to record a video of her inserting a toothbrush into her vagina and send it to his cell phone. Victim 1 complied and recorded a video inserting a white, red, and purple toothbrush into her vagina and sent it to **Bailey**.

   e. **Bailey** instructed Victim 1 to record a video of her performing oral sex on her one-year-old brother in the bathtub and send it to **Bailey's** cellphone. **Bailey** told Victim 1 that if she did not send the video, **Bailey** would post the sexually explicit videos of Victim 1 that Victim 1 had already sent to him on Snapchat, Instagram, and Facebook. Ultimately, Victim 1 complied.

*Subsequent Interaction and Interview*

24. During a subsequent mirandized interview at the FBI Field Office in Cleveland, OH, on May 27, 2021, **Bailey** made multiple additional statements, including providing the following pertinent information:

   a. **Bailey** estimated he received approximately 100 to 200 CSAM videos and images of prepubescent females he met via social media applications and the internet. **Bailey** received the CSAM via text message and screen captures of Snapchat conversations, among others, in a manner similar to that described above involving Victim 1. The

CSAM images and videos depicted prepubescent females performing sexually explicit acts in accordance with **Bailey's** instructions.

b. Bailey estimated that he received the approximately 100 to 200 images and videos depicting CSAM from approximately 10 to 15 girls that he met via social media applications.

c. **Bailey** admitted that he obtained many of the above-described images and videos of CSAM only after extorting the 10 to 15 victims in the same manner that he obtained sexually explicit content from Victim 1 (*i.e.*, by threatening to post sexually explicit content on social media programs and saying that it was the victims who were depicted in the images and videos).

d. **Bailey** prefers his victims to be young, black, light-skinned girls between the ages of approximately 10 to 14 years old.

e. **Bailey** obtained these images and videos by creating social media profiles and accounts that depicted **Baily** as a minor.

25. During a cursory review of **Bailey's** iPhone XR, your affiant viewed the following:

a. Victim 1 inserting a inserting a white, red, and purple toothbrush into her vagina.

b. A video of Victim 1 naked rubbing her vagina.

c. Approximately four (4) additional unidentified prepubescent females engaging in "sexually explicit conduct" depicting CSAM.

d. Statements made by **Bailey** on social media applications in which **Bailey** offered to sell links containing CSAM in exchange for payment, typically approximately $30.

26. Based upon the above information, probable cause exists to conclude that **Javan Bailey** engaged in the production and attempted production of child sexual abuse material, in violation of Title 18, United States Code, Section 2251(a), distribution and the attempted distribution of child sexual abuse material, in violation of Title 18, United States Code, Section 2252(a)(2), and knowingly persuading, inducing, enticing, and coercing (and attempted to do so) a minor to engage in illegal sexual activity, in violation of Title 18, United States Code, Section 2422(b).

I hereby swear that the information contained in this affidavit is true and correct to the best of my knowledge.

Respectfully submitted,

*s/Alvin J. Thibodeaux, III*
Alvin J. Thibodeaux III
Special Agent
Federal Bureau of Investigation

Pursuant to Federal Rules of Criminal Procedure 4.1 and 41(d)(3), the undersigned judicial officer has on this date considered the information communicated by reliable electronic means in considering whether a complaint, warrant, or summons will issue. In doing so, I have placed the affiant under oath, and the affiant has confirmed that the signatures on the complaint, warrant, or summons and affidavit are those of the affiant, that the document received by me is a correct and complete copy of the document submitted by the affiant, and that the information contained in the complaint, warrant, or summons and affidavit is true and correct to the best of the affiant's knowledge.

Subscribed to and sworn before me,
this   27   day of May, 2021.
New Orleans, Louisiana.

_____
HONORABLE MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE

10