

**U.S. Department of Justice**
United States Attorney
Eastern District of Louisiana

---

Jordan Ginsberg
Assistant United States Attorney
Supervisor, Public Corruption Unit

The Poydras Center
650 Poydras Street, Suite 1600
New Orleans, Louisiana 70130

Telephone: (504) 680-3121
Fax: (504) 589-4395

July 7, 2022

Honorable Carl J. Barbier
United States District Judge
Eastern District of Louisiana
500 Poydras Street, Courtroom C-268
New Orleans, Louisiana 70130

     Re:    *United States v. Javan Bailey*
              Criminal Docket No. 21-106 "J"

Dear Judge Barbier,

     In compliance with the holding of *Bryan v. United States*, 492 F.2d 775 (5th Cir. 1974), and with Rule 11 of the Federal Rules of Criminal Procedure, the Government wishes to acknowledge the following agreement between the Government and Javan Bailey, the defendant, in the above-captioned proceeding. Defendant's undersigned counsel, Warner Thompson, has reviewed the terms of this agreement and has been advised by the defendant that the defendant fully understands the terms of this agreement.

     The Government has agreed that, should the Court accept the defendant's plea of guilty as charged to Count One and Count Two of the Indictment now pending against him, charging the defendant with production of child sexual abuse material, in violation of 18 U.S.C. § 2251(a) and interstate communications with intent to extort, in violation of 18 U.S.C. § 875(d), respectively, the Government will not bring any other charges in the Eastern District of Louisiana arising from the defendant's conduct that is detailed in the Factual Basis. The defendant understands that this does not apply to crimes of violence that the defendant may have committed.

     The defendant further understands that the maximum penalty defendant may receive per count should defendant's plea of guilty be accepted is as follows:

Count 1: Title 18, United States Code, Section 2251(a)
Not less than fifteen (15) and not more than thirty (30) years imprisonment and/or a fine of $250,000, or the greater of twice the gross gain to the defendant or twice the gross loss to any person under Title 18, United States Code, Section 3571.

1

AUSA _JG_
Defendant _JB_
Defense Counsel _WT_

Count 2: Title 18, United States Code, Section 875(d)
Not more than two (2) years imprisonment, and/or a fine of $250,000, or the greater of twice the gross gain to the defendant or twice the gross loss to any person under Title 18, United States Code, Section 3571.

It is also understood that the restitution provisions of Sections 3663 and 3663A of Title 18, United States Code, will apply, including as to Victim 1, Victim 2, Victim 3, Victim 4, Victim 5, Victim 6, and Victim 7. The defendant agrees that any restitution imposed will be non-dischargeable in any bankruptcy proceeding and that defendant will not seek or cause to be sought a discharge or a finding of discharge ability as to the restitution obligation. The defendant further acknowledges and understands that, notwithstanding any payment schedule imposed at sentencing or during probation or supervised release, restitution is due and payable in full immediately upon entry of the judgment of conviction.

Additionally, pursuant to the Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Public Law 115-299, enacted on December 7, 2018, codified at Title 18, United States Code, Section 2259A, the defendant understands that he faces the additional following special assessment per count of no more than the below listed amounts:

(1) $17,000.00 if convicted of Title 18, United States Code, Section 2252(a)(4) or §2252A(a)(5);

(2) $35,000.00 if convicted of any other trafficking in child pornography offense as defined by §2259(c)(3), which includes offenses under Title 18, United States Code, Sections 2251(d), 2252(a)(1) through (3), 2252A(a)(1) through (4), 2252A(g) (in cases in which the series of felony violations exclusively involves violations of sections 2251(d), 2252, 2252A(a)(1) through (5), or 2260(b)), or 2260(b); or

(3) $50,000.00 if convicted of child pornography production as defined by Title 18, United States Code, Section 2259(c)(1), which includes offenses under 18 U.S.C. §2251(a) through (c), 2251A, 2252A(g) (in cases in which the series of felony violations involves at least 1 of the violations listed in this subsection), 2260(a) or any offense under chapter 109A or chapter 117 that involved the production of child pornography (as such term is defined in section 2256).

Moreover, defendant understands the mandatory restitution provisions pursuant to Title 18, United States Code, Section 2259 shall apply for any conviction of an offense described above in paragraphs (1) or (2) and that the amount is not less than $3,000.00.

The defendant further understands that an additional mandatory assessment of $5,000.00 shall be imposed for each applicable count under the provisions of Section 3014 of Title 18, United States Code (the Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22, § 101 (2015)), in the event that defendant's underlying conduct occurred after May 29, 2015. This assessment shall be collected in the same method as the mandatory special assessment imposed under Section 3013 of Title 18, United States Code. This assessment shall be placed in the Domestic Trafficking

2

AUSA J E
Defendant J D B
Defense Counsel V B T

Victims' Fund to be used for the purposes set forth in Section 3014(e) of Title 18, United States Code. This assessment shall be imposed only in the event that the Court determines that the defendant is not indigent. This assessment is not payable until all other fines, orders of restitution, and any other victim compensation obligations arising out of the defendant's criminal conviction have been paid.

Further, the defendant understands that a mandatory special assessment fee of $100.00 shall be imposed under the provisions of Section 3013 of Title 18, United States Code. This special assessment must be paid on the date of sentencing. Failure to pay this special assessment may result in the plea agreement being void.

The defendant further understands that the Court, in imposing a sentence of a term of imprisonment, may include as part of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment for a period of no less than five (5) years and up to life pursuant to Title 18, United States Code, Section 3583. Supervised release is a period following release from prison during which defendant's conduct will be monitored by the Court or the Court's designee. Defendant fully understands that if defendant violates any of the conditions of supervised release that the Court has imposed, defendant's supervised release may be revoked and defendant may be ordered by the Court to serve in prison all or part of the term of supervised release.

Defendant understands that Title 18, United States Code, Section 3742 and Title 28, United States Code, Section 1291, may give a criminal defendant the right to appeal his conviction, sentence, restitution, fine, and judgment imposed by the Court. Defendant also understands that he may have the right to file collateral challenges to his conviction and sentence, and judgment, including but not limited to rights provided by Title 28, United States Code, Sections 2255 and 2241, Rule 60 of the Federal Rules of Civil Procedure, Rule 36 of the Federal Rules of Criminal Procedure, and writs of coram nobis and audita querela. Defendant further understands that Title 18, United States Code, Section 3582(c)(2), may allow the Court to grant a sentencing reduction to the defendant if the defendant has been sentenced to a term of imprisonment based upon a sentencing range that has been subsequently lowered by the United States Sentencing Commission and determined to apply retroactively to defendants who already have been sentenced to a term of imprisonment.

Acknowledging these rights, subject only to the exceptions indicated in subsection (d) below, the defendant, in exchange for the promises and agreements made by the United States in this plea agreement, knowingly and voluntarily:

a. Waives and gives up any right to appeal or contest his guilty plea, conviction, sentence, fine, supervised release, and any restitution imposed by any judge under any applicable restitution statute, including but not limited to any right to appeal any rulings on pretrial motions of any kind whatsoever, as well as any aspect of his sentence, including but not limited to any and all rights which arise under Title 18, United States Code, Section 3742 and Title 28, United States Code, Section 1291;

3

AUSA _JE_
Defendant _JDB_
Defense Counsel _WBF_

   b.   Waives and gives up any right to appeal any order, decision, or judgment arising out of or related to Title 18, United States Code, Section 3582(c)(2) imposed by any judge and further waives and gives up any right to challenge the manner in which his sentence was determined and to challenge any United States Sentencing Guidelines determinations and their application by any judge to the defendant's sentence and judgment;

   c.   Waives and gives up any right to challenge his sentence collaterally, including but not limited to any and all rights which arise under Title 28, United States Code, Sections 2255 and 2241, Rule 60 of the Federal Rules of Civil Procedure, Rule 36 of the Federal Rules of Criminal Procedure, writs of coram nobis and audita querela, and any other collateral challenges to his sentence of any kind; and

   d.   The defendant specifically does not waive, and retains the right to bring a direct appeal of any sentence imposed in excess of the statutory maximum. The defendant also retains the right to raise a claim of ineffective assistance of counsel in an appropriate proceeding.

   The defendant understands that any discussions with defendant's attorney or anyone else regarding sentencing guidelines are merely rough estimates and the Court is not bound by those discussions. The defendant understands that the sentencing guidelines are advisory and are not mandatory for sentencing purposes. The defendant understands the Court could impose the maximum term of imprisonment and fine allowed by law, including the imposition of supervised release. The defendant is also aware that in determining a fair and just sentence, the Court has the authority and discretion, pursuant to Title 18, United States Code, Sections 3553 and 3661 and Section 1B1.3 of the United States Sentencing Guidelines, to consider any and all "relevant conduct" that the defendant was involved in, the nature and circumstances of the offenses, and the history and characteristics of the defendant.

   In an effort to resolve this matter in a timely fashion and show good faith, the defendant agrees to knowingly, voluntarily, and expressly waive his rights pursuant to Rule 410(a) of the Federal Rules of Evidence upon signing this plea agreement and the factual basis. The defendant understands and agrees that in the event the defendant violates the plea agreement, withdraws his decision to plead guilty, his guilty plea is later withdrawn or otherwise set aside, any statements made by the defendant to law enforcement agents or an attorney for the prosecuting authority during plea discussions, any statements made by the defendant during any court proceeding involving the defendant's plea of guilt, including any factual bases or summaries signed by the defendant, and any leads from such statements, factual bases or summaries, shall be admissible for all purposes against the defendant in any and all criminal proceedings.

   The defendant agrees to forfeit to the United States any right, title, and interest in all assets subject to forfeiture under the notice of forfeiture contained in the charging document, including property specified in any bill of particulars, property previously seized by the government for administrative, civil, or criminal forfeiture, and Attachment B to this agreement. The defendant further consents to the filing of a motion for a preliminary order forfeiting such property and any dollar amount specified in the notice of forfeiture or bill of particulars, and the defendant confesses the requisite nexus between the property and the charge of conviction. The defendant hereby

AUSA _JG_
Defendant _JDB_
Defense Counsel _WBP_

withdraws any petition for remission or claim for such property and further waives any right to contest or appeal the government's forfeiture proceedings for any reason, including on grounds that the forfeiture constitutes an unconstitutionally excessive fine or punishment, and in any manner, including by claim, petition, appeal, or collateral attack.

The defendant further agrees to submit to interviews whenever and wherever requested by law enforcement authorities regarding all assets currently or previously within defendant's possession. It is also understood that defendant will provide any and all financial information and documentation requested by the government, agrees to voluntarily execute a complete and thorough Financial Statement of Debtor, and further agrees to provide the requested List of Items that is attached to the Financial Statement. The defendant understands this information may be provided to a representative of any victim of this offense.

The defendant recognizes that any criminal monetary penalty, whether special assessment, criminal fine, or restitution, that is owed as a result of his conviction will be immediately submitted to the Treasury Offset Program. The defendant waives any objection to his inclusion in the Treasury Offset Program.

The defendant has been advised, and understands, that under the Sex Offender Registration and Notification Act, a federal law, he must register and keep the registration current in each of the following jurisdictions: where he resides; where he is an employee; and where he is a student. He understands that the requirements for registration include providing his name, residence address, and the names and addresses of any places where he resides or will be an employee or a student, among other information. He further understands that the requirement to keep the registration current includes informing at least one jurisdiction in which he resides, is an employee, or is a student not later than three business days after any change of his name, residence, employment, or student status. He has been advised, and understands, that failure to comply with

5

AUSA JG
Defendant JDB
Defense Counsel VQT

these obligations subjects him to prosecution for failure to register under federal law, Title 18 United States Code, Section 2250, which is punishable by a fine or imprisonment, or both. The defendant understands that the statements set forth above and in the attached **SEALED** document (Attachment "A") represents defendant's entire agreement with the Government; there are not any other agreements, letters, or notations that will affect this agreement.

Very truly yours,

DUANE A. EVANS
UNITED STATES ATTORNEY

_____  7-7-22
JORDAN GINSBERG            Date
Assistant United States Attorney

_____  7/5/22
WARNER THOMPSON            Date
Attorney for Javan Bailey

_____  7/5/22
JAVAN BAILEY               Date
Defendant

6